1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                      SOUTHERN DISTRICT OF CALIFORNIA
10

11   JOHN ROETTGEN,                        Case No.:  14-cv-2988-JAH (WVG)

12                         Plaintiff,
                                          **1.  REPORT AND**
13   v.                                    **RECOMMENDATION ON**
                                          **DEFENDANTS' MOTION FOR**
14   D. PARAMO, et al.,                    **SUMMARY JUDGMENT AND**
                                          **PLAINTIFF'S MOTION TO**
15                         Defendants.     **DISREGARD**
                                          **[Doc. Nos.  28 and 41]**
16
17
                                          **and**
18
19
                                          **2.  ORDER ON PLAINTIFF'S**
20                                         **RENEWED MOTION FOR**
                                          **DISCOVERY OF DOE**
21                                         **DEFENDANTS**
                                          **[Doc. No. 51]**
22
23
24
25
26
27
28

                                    1

# I.

## INTRODUCTION

Plaintiff John Roettgen ("Roettgen"), proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against officials of the California Department of Correction and Rehabilitation ("CDCR") alleging multiple violations of his rights under the Eighth and Fourteenth Amendments. Defendants have moved for summary judgment under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. 1997e, *et seq*., arguing that Roettgen has failed to exhaust administrative remedies available within the CDCR. Plaintiff has filed an opposition to the motion for summary judgment in which he also renews an earlier request for discovery under FRCP 56(d). Plaintiff has separately moved to disregard one of two declarations submitted in support of defendants' motion and has also filed a renewed motion for discovery as to the Doe defendants. Defendants' motion for summary judgment and Roettgen's motion to disregard are before this Court for preparation of a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1.

For the reasons that follow, the Court **DENIES** Roettgen's motion for discovery as to the Doe defendants and **DENIES** Roettgen's request for discovery pursuant to FRCP 56(d). The Court **RECOMMENDS** that Roettgen's motion to disregard be **DENIED**, that summary judgment be **GRANTED** to defendants on counts 1–16, 19–22, 24, 25, 27–33, 35, 36, 38 and part of count 26, and that summary judgment be **GRANTED** to Roettgen on the issue of exhaustion only as to counts 17, 18, 23, 34, 37 and part of 26.

# II.

## BACKGROUND

### A.    Roettgen's allegations

Roettgen is, and at all relevant times was, an inmate at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. In his complaint, filed on December 19, 2014, Roettgen alleges that officials and guards at RJD subjected him to a series of assaults and false disciplinary charges in retaliation for Roettgen's use of the CDCR grievance process and because of Roettgen's sexual orientation. Roettgen also

alleges that prison officials at RJD and in the Appeals Office in Sacramento conspired to cover up these incidents by improperly rejecting his administrative appeals and by unjustifiably finding him guilty of various disciplinary violations. The allegations in the complaint are summarized below:

**The March 11, 2013 incident.** Roettgen alleges that on March 11, 2013, Officer Carter singled Roettgen out because of Roettgen's sexual orientation, aggressively handcuffed Roettgen, and locked Roettgen in a small holding cage. (Compl., Doc. No. 1, at 31,[1] Count 1.) Roettgen also alleges that Officer Carter filed a false disciplinary report regarding this incident. (Id., at 38, Count 16.)

**The July 8, 2013 incident.** Roettgen alleges that on July 8, 2013, Officers Russell and McGee assaulted him in the prison yard. (Id. at 31-34 and 36, Counts 2-8 and 12.) Roettgen alleges that Officers Jones and Carter and Sgt. Rutledge witnessed this assault but failed to intervene. (Id. at 35-38, Counts 9-11 and 13-15.) Roettgen alleges that multiple defendants—Officers Russell, McGee, Jones and Carter, Lt. Rutledge, Lt. Spence and Nurse Lariosa—filed false reports regarding this incident. (Id. at 38-39, 41 and 48-49, Counts 16-20, 25, and 38.) Roettgen alleges that Capt. Benyard conspired to cover up the alleged misconduct. (Id. at 43-44, Count 30.) Roettgen alleges that Sgt. Rutledge and Officers Jones and Carter failed to report the alleged assault. (Id. at 40-41, Counts 21, 22, and 24.) Roettgen also asserts claims against a number of anonymous "Doe" defendants in connection with this incident. (Id. at 44, Count 31.)

**The July 30, 2013 incidents.** Roettgen alleges that on July 30, 2013, Officer Carter locked Roettgen in his cell in retaliation for Roettgen reporting Officer Carter's involvement in the July 8, 2013 incident. (Id. at 40-41, Count 23.) In a separate incident, allegedly occurring on the same day, Roettgen claims that Officer Jones berated another

---

[1] All references to page numbers of documents in the record refer to the page numbers stamped on the electronically filed documents.

3

inmate in sexually abusive terms regarding that inmate's alleged relationship with Roettgen. (<u>Id.</u> at 45, Count 32.)

**The September 16, 2013 incident.** Roettgen alleges that on September 16, 2013, Officer Jones instructed another correctional officer to write a false disciplinary report against Roettgen in retaliation for Roettgen's reporting of Officer Jones' role in the alleged July 8, 2013 incident. (<u>Id.</u>, Count 33.)

**The November 26, 2013 incidents.** Roettgen alleges that on November 26, 2013, Sgt. Rutledge, Lt. Allamby and Officer Strayhorn placed Roettgen in administrative segregation in retaliation for Roettgen authoring and distributing a pamphlet on "micro-aggression." (<u>Id.</u> at 42-43, Counts 27-29.) Roettgen separately alleges that Sgt. Rutledge, while collecting Roettgen's property from his cell, destroyed Roettgen's typewriter and gave away Roettgen's law books in retaliation for Roettgen's filing of grievances. (<u>Id.</u> at 45, Count 34.)

**The December 4, 2013 incident.** Roettgen alleges that on December 4, 2013, Sgt. Rutledge and Officer Canada threatened Roettgen with the loss of his personal property unless Roettgen withdrew his pending appeals. (<u>Id.</u> at 45-46, Count 35.)

In addition to the incidents described above, Roettgen asserts three claims against Lt. Allamby for improperly finding him guilty of disciplinary offenses. (<u>Id.</u> at 42, Count 26.) Roettgen also asserts that Warden Paramo condoned and encouraged the misconduct alleged in the complaint. (<u>Id.</u> at 46, Count 36.) Roettgen also asserts claims against Counselors Olson and Ramirez and Inmate Appeals Chiefs Briggs and Zamora for improperly interfering with one of his appeals. (<u>Id.</u> at 47, Count 37.)

**B.    Roettgen's attempts to exhaust administrative remedies**

The CDCR affords inmates the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). As discussed in greater detail in Section III(A)(2), <u>infra</u>, under the regulations in effect during the period relevant to this case,

inmates were required to submit their complaints on CDCR Form 602 and proceed through three formal levels: (1) first level review by one of the institution's appeals coordinators, (2) second level review by the institution's head or designee, and (3) third level review with the CFCR director or designee. Id. §§ 3048.2; 3084.7.

Roettgen filed numerous appeals during the period relevant to this lawsuit. Those relevant to this case are summarized below:

**Appeal Log No. RJD-13-2626.** In this appeal, Roettgen alleges that defendants Russell and McGee assaulted him on July 8, 2013. (Sosa Decl., Doc. No. 28-3, at 19-32, Ex. 2.) Roettgen alleges that OfficersJones and Carter were present but failed to intervene and falsified reports regarding the incident. (Id., at 23.) Roettgen alleges that "nursing staff" conspired to minimize his injuries and failed to properly clean his wounds. (Id.) Roettgen alleges that defendant Spence improperly sent Roettgen to administrative segregation following this incident. (Id.)

Roettgen dated this appeal July 31, 2013 and subsequently mailed the appeal to Warden Paramo along with a cover letter. (Id. at 21, 32; see also Pltf. Opp., Doc. No. 43, at 68-81, Ex. A.) The warden's office then forwarded the appeal to the appeals coordinators, who received the appeal on August 13, 2013. (Sosa Decl., Doc. No. 28-3, at 21.) The appeals coordinators accepted the appeal for processing and an inquiry was conducted at the second level of review. (Id. at 19-20.) On March 3, 2014, the appeals coordinators cancelled the appeal. (Id. at 19, 22.) Roettgen then submitted the appeal to the Office of Appeals, i.e., the third level of review. (Id. at 22.) The Office of Appeals twice rejected the appeal. (Id.) The Office of Appeals then cancelled the appeal as untimely because it had been received by the appeals coordinators 36 days after the incident. (Id. at 19-20.)

**Appeal Log No. RJD-13-02984**. In this appeal, Roettgen alleges that defendant Carter falsified Disciplinary Log No. RJD-FC-0379 and that defendant Allamby "conspired to cover up the assault and battery" alleged to have occurred on July 8, 2013 by improperly finding Roettgen "guilty" of the offense of "resisting a peace officer resulting

in use of force." (Id. at 43-74, Ex. 4.) Roettgen noted on the form that "[t]here simply is not enough space on these 602 form [sic] to properly comply with 15 CCR 3084.2(a)." (Id. at 49.)

Roettgen dated this appeal September 4, 2013, and it was received by the appeals coordinators on September 6, 2013. (Id. at 47.) The second level of review denied Roettgen's appeal on November 19, 2013. (Id. at 48.) Roettgen did not submit this appeal to the Office of Appeals for third-level review. (Id. at 5.)

**Appeal Log No. RJD-13-02987.** In this appeal, Roettgen alleges that on July 29, 2013, Carter retaliated against him for reporting the July 8, 2013 incident by locking Roettgen in his cell without justification. (Id. at 76-88, Ex. 5.)

Roettgen dated this appeal September 4, 2013, and it was received by the appeals coordinators on September 6, 2013. (Id. at 81.) The appeals coordinators rejected this appeal five separate times. (Id. at 76-80.) As the copy of this appeal submitted by Roettgen makes clear, Roettgen eventually submitted this appeal directly to the Office of Appeals, which rejected the appeal for "bypassing required lower level(s) of review. (Pltf. Opp., Doc. No. 43, at 85, Ex. B.)[2]

**Appeal Log. No. RJD-C-13-02697.** In this appeal, Roettgen alleges that on July 30, 2013, defendant Jones shouted at an inmate with whom Roettgen had been speaking and referred to Roettgen as a "fag." (Id. at 144-151, Ex. J.)

Roettgen dated this appeal August 16, 2013, and the appeals coordinators received the appeal on August 19, 2013. (Id. at 146.) On October 30, 2013, the appeal was cancelled at the second level of review. (Id. at 147.) Roettgen did not submit the appeal for a Third Level of Review.

---

[2] The letters that Roettgen assigns to particular exhibits his memorandum of points and authorities and declaration do not in every instance match up with the letters that accompany the exhibits themselves. In this case, for instance, Roettgen refers in both his memorandum and declaration to "Exhibit C," (Pltf. Opp., Doc. No. 43, at 30, 57) but the actual exhibit to which he refers is Exhibit B.

**Appeal Log No. RJD-C-14-00048.** In this appeal, Roettgen alleges that, on November 26, 2013, Sgt. Rutledge broke Roettgen's typewriter in retaliation for Roettgen filing appeals. (Pltf. Opp., Doc. No. 43, at 135-142, Ex. I.)

Roettgen dated this appeal December 29, 2013. The appeal was received by the appeals coordinators on January 3, 2014. (Id. at 137.) The appeal was cancelled as untimely on January 8, 2014. (Id. at 136.)

**Appeal Log No. RJD-C-3793.** In this appeal, Roettgen alleges that the appeals coordinators at RJD interfered with the proper processing of Appeal Log No. RJD-13-2626. (Sosa Decl., Doc. No. 28-3, at 97-101, Ex. 7.)

Roettgen dated this appeal on November 19, 2013. (Id. at 99.) The appeal was received by the appeals coordinators on December 2, 2013. (Id.) The appeal was rejected on December 3, 2012 on the grounds that Roettgen had "failed to attempt to resolve [the] issue by utilizing the CDCR Form 22 process." (Id. at 98.) Roettgen typed a response on the screen-out sheet explaining that he was not required to submit a Form 22. (Id.) The appeal was again rejected on December 31, 2013 for failure to utilize the Form 22 process. (Id. at 97.)

### C.    Relevant Procedural History

Roettgen filed this action on December 19, 2014. (Doc. No. 1.) On January 12, 2015, the district court granted Roettgen's motion to proceed in forma pauperis, screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and issued the summons. (Doc. No. 3.) The defendants executed waivers of services and, on April 9, 2015, this Court granted defendants' motion for an extension of time to respond to the complaint. (Doc. No. 23.) On April 14, 2015, this Court granted defendants' motion to stay discovery until the issuance of a scheduling order. (Doc. No. 25.) On May 11, 2015, defendants filed the instant motion for summary judgment. (Doc. No. 28.) On June 2, 2015, Roettgen moved for discovery regarding the Doe defendants and a motion for discovery pursuant to FRCP 56(d). (Doc. Nos. 32 and 34.) On June 10, 2015, this Court denied Roettgen's motion for discovery of the Doe defendants. (Doc. No. 35.) On June 18, 2015, the Court denied

14-cv-2988-JAH (WVG)

without prejudice Roettgen's motion for discovery under FRCP 56(d). (Doc. No. 36.) The Court ordered Roettgen to renew his FRCP 56(d) motion, if he wished to do so, no later than July 9, 2015, and continued the date for Roettgen to file his opposition to defendants' motion for summary judgment to July 31, 2015 (Id.) On August 7, 2015, Roettgen filed a motion for an extension of time to respond to defendants' motion for summary judgment. (Doc. No. 38.) This Court granted the motion that same day. (Doc. No. 39.) On September 3, 2015, Roettgen filed a motion for leave to exceed the page limits, attached to which was Roettgen's opposition to defendants' motion for summary judgment. (Doc. No. 43.) Roettgen concurrently filed a motion to disregard one of the declarations submitted with defendants' motion for summary judgment. (Doc. No. 41.) This Court granted Roettgen's motion for leave to exceed the page limits and docketed Roettgen's opposition. (Doc. No. 44.) On September 15, 2015, defendants filed their reply in further support of the motion for summary judgment. (Doc. No. 45.) On December 3, 2015, Roettgen renewed his motion for discovery of the Doe defendants. (Doc. No. 51.)

### III.

### DISCUSSION

#### A.    Defendants' motion for summary judgment

Defendants have moved for summary judgment under the PLRA as to all counts in Roettgen's complaint, arguing that Roettgen failed to properly exhaust administrative remedies with the CDCR. Roettgen opposes summary judgment on the majority of the counts but concedes that he failed to exhaust available remedies as to counts 1, 16 and 32. In their reply, defendants concede that Roettgen has shown a triable issue of material facts as to counts 23, 34 and 37.

#### 1.    The PLRA exhaustion requirement

The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to

all inmate suits about prison life." <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). The purpose of the exhaustion requirement is to reduce the number and increase the quality of inmate lawsuits, and to afford prison officials an opportunity to address complaints internally before the initiation of a federal lawsuit. <u>Id.</u> at 524-25.

The Supreme Court has held that the PLRA requires "proper" exhaustion of administrative remedies, meaning that an inmate must strictly comply with the prison system's "deadlines and other critical procedural rules." <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). Therefore, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court," regardless of the type of relief sought and available through such administrative procedures. <u>Id.</u> at 88. <u>See also</u> <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007) (rules that govern exhaustion "are defined not by the PLRA, but by the prison grievance process itself").

Although the PLRA requires exhaustion of all available administrative remedies, the Ninth Circuit has consistently held that exhaustion is excused when the actions of prison officials render administrative remedies "effectively unavailable." In <u>Nunez v. Duncan</u>, therefore, the court held that a warden's mistake in referring an inmate to an unobtainable and irrelevant policy document excused the inmate's failure to properly exhaust. 591 F.3d 1024, 1226 (9th Cir. 2010). Similarly, in <u>Sapp v. Kimbrell</u>, the court held that administrative remedies were effectively unavailable when prison officials rejected the inmate's appeal for reasons inconsistent with the governing regulations. 623 F.3d 813, 823-24 (9th Cir. 2010). And in <u>McBride v. Lopez</u>, the court held that a threat of retaliation that actually and reasonably deters an inmate from pursuing an appeal excuses the inmate's failure to exhaust. ---F.3d---, 2015 WL 7434623, at *4 (9th Cir. 2015). <u>See</u> <u>also</u> <u>Albino v. Baca</u>, 747 F.3d 1162, 1177 (9th Cir. 2014) (remedies were effectively unavailable where prisoner complained orally about beatings but was not provided with complaint forms or properly informed of his right to submit complaints); <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027-28 (9th Cir. 2010) (remedies effectively unavailable where inmate did not have

access to the necessary grievance forms within the time limits for filing a grievance) (per curiam).

Failure to exhaust administrative remedies is an affirmative defense as to which the defendant bears the burden of proof. Albino, 747 F.3d at 1166. Unless it is clear on the face of the complaint that the inmate has failed to exhaust, "defendants must produce evidence proving failure to exhaust in order to carry their burden." Id. "A defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that remedy." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015). The burden of production then "shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." Id. The ultimate burden of proof remains with the defendant, however, and the defendant is entitled to summary judgment only "[i]f undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust." Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

On summary judgment, material facts are those which may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must view the evidence in the light most favorable to the non-moving party and may not resolve disputed issues of material fact by crediting one party's version of events and ignoring another. See Wall v. County of Orange, 364 F.3d 1107, 1111 (9th Cir. 2004). "[S]elf-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory." Rodriguez v. Airborne Express, 265 F.3d 890, 902 (9th Cir. 2001). The court may consider materials in the record not cited to by the parities, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In the PLRA context, as elsewhere, "[i]f the record is sufficiently developed to permit the trial court to consider summary judgment, and if the court finds that when

viewing the evidence in the light most favorable to a moving party the movant has not shown a genuine dispute of fact on the issue of exhaustion, it may be appropriate for the district court to grant summary judgment *sua sponte* for the nonmovant." Albino, 747 F.3d at 1176. See also Fed. R. Civ. P. 56(f).

"Courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). This rule of liberal construction is particularly important in civil rights cases. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

### 2.    Regulations governing the CDCR appeals process

Inmates in CDCR custody have the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

Under the regulations in effect since January 28, 2011, an inmate must proceed through three levels of appeal to exhaust available administrative remedies. Id. § 3084.7. At the first level of review, the appeal is screened by one of the institution's appeals coordinators. Id. § 3084.7(a). At the second level of review, an inquiry is conduct by "the hiring authority or designee" at the institution." Id. § 3084.7(d)(2). At the third level of review, the inquiry is conducted by a designated representative of the Secretary of the CDCR. Id. § 3084.7(d)(3).

To initiate the appeal process, the inmate must use a CDCR Form 602 "to describe the specific issue under review and the relief requested." Id. § 3084.2(a). The inmate must confine each Form 602 to "one issue or related set of issues," and is limited to the space provided on the Form 602 and one attachment. Id. § 3084.2(a)(1)-(2). The inmate must "list all staff member(s) involved and … describe their involvement in the issue." Id. § 3084.2(a)(3). If the inmate does not know the staff member's name or title, the inmate "shall provide any other available information that would assist the appeals coordinators in making a reasonable attempt to identify the staff member(s) in question." Id.

The inmate must submit each Form 602 "to the appeals coordinator at the institution." Id. § 3084.2(c). A 30 calendar day limitations period runs from either "the occurrence of the event or decision being appealed" or the date on which the inmate "first has knowledge of the action or decision being appealed." Id. § 3084.8(b). Defective appeals are subject to rejection, if the defect is curable, or cancellation, if it is not. Id. § 3084.6. "Unless the appeal is cancelled, the appeals coordinator shall provide clear and sufficient instructions regarding further actions the inmate or parolee must take to qualify the appeal for processing." Id. § 3084.6(a)(1). "An appeal that is rejected … may later be accepted if the reason noted for the rejection is corrected and the appeal is returned by the inmate or parolee to the appeals coordinator within 30 calendar days of rejection." Id. § 3084.6(a)(2).

Except in the case of emergency appeals, the submittal of "more than one appeal for initial review within a 14 day calendar period" is considered abuse of the appeals process. Id. § 3084.4(a)(1). Such abuse is grounds for rejection of an appeal. Id. § 3084.6(b)(3).

The regulations also provide time limits within which appeals must be "responded to and returned to the inmate." Id § 3084.8(c). At the first and second levels of review, "responses shall be completed within 30 working days from date or receipt by the appeals coordinator." Id. § 3084.8(c)(1) and (2). At the third level of review, "responses shall be completed within 60 working days from date of receipt by the third level Appeals Chief." Id. § 3084.8(c)(3). These time limits are subject to exceptions where the inmate or witnesses are unavailable, the decision is particularly complex, other agencies are involved, or in states of emergency. Id. § 3084.8(d)(1)-(4). When such "exceptional" delays occur at the first and second levels, the inmate "shall be provided an explanation of the reasons for the delay and the estimated completion date." Id. § 3084.8(e).

Throughout the appeals process, the appeals coordinator's "erroneous acceptance of an appeal at a lower level does not preclude the next level of review from taking appropriate action, including rejection or cancellation of the appeal." Id. § 3084.6(a)(6).

### 3.        The admissibility of the Sosa and Voong declarations

In his opposition, Roettgen objects to this Court's consideration of the two declarations submitted in support of defendants' motion for summary judgment. (Pltf. Opp., Doc. No. 43, at 11-12). Specifically, Roettgen asserts that the declarations contain objectionable and inaccurate hearsay statements. (Id.) Roettgen makes similar arguments in a concurrently filed motion to disregard the declaration of V. Sosa, the appeals coordinator at RJD, which Roettgen argues has been submitted in bad faith and should be stricken pursuant to FRCP 56(h). (Pltf. Mot. to Disregard, Doc. No. 41.) On the other hand, Roettgen "stipulates to any knowledge they provide as to the Appeals Policy, incomplete as it is, or as custodians of Records." (Pltf. Opp., Doc. No. 43, at 12.)

The Court has reviewed the two declarations at issue and finds that Roettgen has identified several inaccuracies and omissions. Several of these defects are, at the very least, troubling. The Court does not, however, find that either declaration has been submitted in bad faith, nor that the defects in Sosa's declaration are so legion as to render the declaration wholly unreliable. See Lopez v. Peterson, 2013 WL 3994466, at *6 (E.D. Cal., Aug. 1, 2013) (noting that minor inconsistencies between the inmate and the prison system's copies of prison appeals records may result from back and forth nature of prison appeals system and do not necessarily demonstrate that defendants' evidence is false or unreliable).

As Roettgen properly concedes, the declarations are admissible for the purpose of authenticating the prison appeals documents annexed to them. See Tanori v. Biter, 2015 WL 6081989, at *8 (E.D. Cal., Oct. 13, 2015) ("[O]bjections to prison records which are clearly what they purport to be are routinely overruled under [Federal Rule of Evidence] 901(b)(4)."). And, as Roettgen also concedes, the declarants' first-hand knowledge here extends to the existence and general availability of administrative remedies within the California prison system. The Court will therefore consider the declarations for these purposes. Where Roettgen argues that a specific discrepancy or omission is significant, the court will address it when discussing the claim to which it relates.

1    **4.    CDCR remedies were effectively unavailable to Roettgen in regard to the**
2    **claims underlying counts 17, 18, 23, 34, 37 and part of 26.**

3    For the reasons that follow, the Court finds that Roettgen exhausted all available
4    CDCR remedies in regard to counts 17, 18, 23, 34, 37, and part of 26.

5    **a.    Roettgen's claims that Officer Carter filed false disciplinary**
6    **reports against him in connection with the July 8, 2013 incident.**

7    On September 4, 2013, Roettgen submitted Appeal Log No. RJD-C-13-2984 to the
8    appeals coordinators at RJD. In this appeal, Roettgen stated that Officer Carter had filed a
9    false disciplinary charge against him—Disciplinary Log No. RJD-FC-13-0379—and that
10    Lt. Allamby had improperly found him guilty on this charge. Defendants concede that
11    Appeal Log No. RJD-C-13-2984, if properly exhausted, would have served to exhaust the
12    claims against Officer Carter made in counts 17 and 18. (Def. Mot., Doc. No. 28-2, at 21.)
13    Defendants also concede that this appeal, if properly exhausted, would have exhausted that
14    part of count 26 which alleges that Lt. Allamby improperly found Roettgen guilty on
15    Disciplinary Log No. RJD-FC-13-0379. (Def. Reply, Doc. No. 45, at 6-7.) Defendants
16    argue, however, that Roettgen never sent this appeal to the Office of Appeals for third level
17    review, and thus failed to exhaust. (Def. Mot., Doc. No. 28-2, at 21.) Roettgen, on the other
18    hand, argues that exhaustion should be excused because, on December 4, 2013, two prison
19    guards, Sgt. Rutledge and Officer Canada, threatened to deprive him of "all" his property
20    if he did not withdraw Appeal Log No. RJD-C-2984 and two other pending grievances.
21    (Pltf. Opp., Doc. No. 43, at 27, 55-56, 65-66.) Roettgen describes this incident and the
22    surrounding circumstances in his sworn declaration, (id. at 55-56, 65-66), and in his
23    complaint, (Compl., Doc. No. 1, at 22-23). Despite the opportunity to do so, defendants
24    have not submitted any evidence contradicting Roettgen's account. Thus, without any
25    declaration to the contrary, the Court accepts as true Roettgen's claims that he was
26    threatened by the guards, including Roettgen's allegation that Sgt. Rutledge told him
27    "that'll teach you to put paperwork on me. Next time your property won't be found."
28    (Compl., Doc. No. 1, at 23.)

In the Ninth Circuit, a threat of retaliation renders administrative remedies effectively unavailable when two conditions are met: "(1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust." McBride, ---F.3d---, 2015 WL 7434623, at *4 (quoting Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008)).

Here, the Court finds that Roettgen has carried his burden of producing evidence that shows that CDCR remedies were effectively unavailable to him in regard to Appeal Log No. RJD-C-2984. Applying the subjective prong of McBride, the Court finds that Roettgen has "sufficiently alleged that he was actually deterred from [pursuing appeal RJD-C-13-2984] by the guards' threats." Id. After receiving a second-level response on November 19, 2013, Roettgen had 30 calendar days to advance his appeal to the third-level of review. Cal. Code Regs. tit. 15, § 3084.8(b)(3). It is therefore plausible that the alleged December 4, 2013 threat deterred Roettgen from making use of the remaining two week window to advance this appeal to the third level of review. The Court also finds that Roettgen has met his burden on the objective prong in that the alleged threat to deprive Roettgen of "all" his property would have deterred a reasonable inmate of ordinary firmness from pursuing administrative remedies.

Defendants argue that Roettgen could have advanced this appeal to the third level of review notwithstanding the alleged confiscation of his appeal documents. This is because "[a]n inmate is not permitted to avoid or delay an appeal on the grounds that he doesn't have supporting documents." (Def. Reply, Doc. No. 45, at 5.) This argument woefully misses the point, which is that the theoretical availability of a remedy is not enough. "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." Williams, 775 F.3d at 1191. Here, Rutledge and Canada's alleged retaliatory threat rendered the CDCR grievance process effectively unavailable.

1    Defendants have therefore failed to carry their burden of showing that administrative

2    remedies remained available to Roettgen on counts 17, 18 and that part of count 26 that

3    relates to the disciplinary charges contained in Log No. RJD-FC-13-0379. The Court

4    therefore respectfully recommends that defendants' motion for summary judgment on

5    these counts be denied.

6    There remains the question of whether summary judgment should be granted to

7    Roettgen as the non-movant on this issue. The Ninth Circuit has made clear that the district

8    court has discretion to enter summary judgment for the non-movant where scrutiny of the

9    record reveals that there are no triable issues of fact and "the movant has had an adequate

10   opportunity to show that there is a genuine issue and that his or her opponent is not entitled

11   to judgment as a matter of law." Albino, 747 F.3d at 1176-77. The en banc Albino court

12   also made clear that concerns regarding notice to the non-movant are rarely an issue

13   "where, after having had a full opportunity to gather evidence, a defendant moves for

14   summary judgment based on a failure to exhaust under the PLRA." Id. Here, defendants

15   had every opportunity to submit evidence that contradicted Roettgen's account and raised

16   an issue of fact, but they did not do so. Their silence, in this Court's estimation, speaks

17   volumes. This issue can and should be decided as a pure question of law.

18   Finding that there is no material issue of fact and that the issue is ripe for

19   determination as a matter of law, the Court recommends that summary judgment be granted

20   to Roettgen on the issue of exhaustion as to these counts.

21   **b.    Roettgen's claims that Officer Carter filed false disciplinary**
22   **charges against him and locked him in his cell on July 30, 2013.**

23   In count 23, Roettgen alleges that on July 30, 2013, Officer Carter fabricated

24   disciplinary charges against him and unjustifiably locked him in his cell in retaliation for

25   reporting Carter's role in the July 8, 2013 incident. Roettgen submitted an appeal —Appeal

26   Log No. 13-RJD-2987—regarding this incident. Defendants initially argued that this

27   appeal had been properly rejected by the appeals coordinators at RJD, and not exhausted.

28   (Pltf. Mot., Doc. No. 28-2, at 22.) Roettgen responded by arguing that the appeals

14-cv-2988-JAH (WVG)

coordinators had improperly rejected this appeal on several occasions, rendering administrative remedies effectively unavailable. (Pltf. Opp., Doc. No. 43, at 29-34.) In their reply, defendants again concede that Roettgen has shown a triable issue of fact as to the exhaustion of this claim. (Def. Reply, Doc. No. 45, at 11.)

Under Ninth Circuit law, an inmate is deemed to have exhausted administrative remedies under the PLRA when he shows "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Sapp, 623 F.3d at 823-824.

Roettgen has come forward with evidence that shows that at least one of the screen-outs or rejections issued in regard to Appeal Log No. RJD-13-2987 was inconsistent with the regulations. On October 9, 2013, the appeals coordinators notified Roettgen that he had "exceeded the allowable number of appeals filed in a 14 calendar day period" and rejected the appeal. (Sosa Decl., Doc. No. 28-3, at 79.) The regulations, however, provide that "submittal of more than one appeal for initial review within a 14 calendar day period" constitutes "misuse or abuse of the appeals process." 15 CCR § 3084.4(a)(1) (emphasis added). This was not an appeal for initial review but a resubmission of a previously rejected appeal. The restriction on filing more than one appeal within a 14 day period accordingly did not apply and the rejection was inconsistent with the regulations.

In their reply, defendants concede that Roettgen has created a triable issue of fact. (Def. Reply, Doc. No. 45, at 11.) They fail, however, to point the Court to any evidence in the record or to any section of the regulations that indicates that the Court should not decide this issue as a pure question of law. For the reasons already stated, the Court finds that the rejection of Appeal Log No. 13-RJD-2987 was inconsistent with the regulations and thus Roettgen is entitled to summary judgment on the issue of exhaustion as to count 23.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### c.    Roettgen's claim that Sgt. Rutledge broke his typewriter and gave away his law books on November 26, 2013.

The Court also finds that Roettgen is entitled to summary judgment on the issue of exhaustion as to count 34, in which Roettgen alleges that, on November 26, 2013, Sgt. Rutledge broke his typewriter and gave away several of his law books. Roettgen attempted to exhaust this claim through Appeal Log No. RJD-14-0048. This appeal was dated on December 29, 2013, and stamped received by the appeals coordinators on January 3, 2014.

As with count 23, the undisputed evidence here establishes that the rejection was inconsistent with the regulations and administrative remedies were accordingly not available. Under the regulations, the thirty day limitations period on an inmate's appeal runs from "[t]he occurrence of the event or decision being appealed, or" the date on which the inmate "first [has] knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.4(b)(1) and (2). Defendants did not produce a copy of this appeal and so the Court relies on the copy submitted by Roettgen. (Pltf. Opp., Doc. No. 43, at 137-138.) Roettgen expressly noted on the face of this appeal that, although the incident appealed occurred on November 26, 2013, his property was only returned to him on December 4, 2013. (Id. at 138.) As Roettgen insisted on the Form 602, this made the appeal timely. (Id.) The appeals coordinators nevertheless rejected the appeal as untimely.

Once again, defendants fail to come forward with evidence that would prevent the Court from deciding this issue as a pure question of law. Because the rejection of Appeal Log No. RJD-14-0048 was inconsistent with the regulation, Roettgen is entitled to summary judgment on the question of exhaustion as to count 34.

### d.    Roettgen's claims that Counselors Olson and Ramirez and Inmate Appeals Chiefs Briggs and Zamora interfered with the processing of Appeal Log No. RJD-13-2626.

Finally, the Court finds that Roettgen is entitled to summary judgment on the issue of exhaustion as to count 37, in which Roettgen alleges that Counselors Olson and Ramirez and Inmate Appeals Chiefs Briggs and Zamora interfered with the processing of Appeal

Log No. RJD-13-2626. Roettgen submitted a timely appeal—Appeal Log No. RJD-13-3793—regarding this claim. (Sosa Decl., Doc. No. 28-3, at 99.) The appeals coordinators twice rejected this appeal on the grounds that Roettgen had failed to make use of the informal Form 22 process to resolve this issue with Capt. Benyard. (Id. at 98.) Roettgen argues that these rejections were inconsistent with the regulations. (Pltf. Opp., Doc. No. 43, at 47-48.)

The undisputed facts here lead to the conclusion that the rejection of Appeal Log RJD-13-3793 was not supported by the regulations and that Roettgen's administrative remedies were effectively unavailable in regard to this claim. In their motion, defendants argued that "[u]nder [Cal. Code Regs., tit. 15, § 3086(e)(2)], an inmate appeal can be rejected and returned to the inmate with instructions to first try to resolve the issue for first-level review." (Def. Mot., Doc. No. 28-2, at 25.) Roettgen vehemently disagrees. (Pltf. Opp., Doc. No. 43, at 43.) In their reply, defendants concede that Roettgen has created a triable issue of fact. (Def. Reply, Doc. No. 45, at 11.)

Defendants' reading of the regulations is erroneous. The Form 22 process is an informal method of resolving issues or concerns that inmates' may have relating to their confinement. Cal. Code Regs., tit. 15, § 2086. Prior to January 28, 2011, utilization of the informal Form 22 process was a necessary prerequisite to filing a formal appeal. (Voong Decl., at 2.) As defendants admit, however, this requirement was abolished by the regulatory revisions that went into effect on that date. (Id. at 3.) The Form 22 process is still available to inmates, but it is optional, and does not exhaust administrative remedies. Cal. Code Regs., tit. 15, § 2086(i). The failure to employ the Form 22 process does not preclude a finding that the inmate has exhausted administrative remedies.

The regulation that defendants cite, Cal. Code Regs., tit. 15, § 3086(e)(2), provides that when an inmate submits both a Form 22 and a formal appeal "on the same issue" using Form 602, "the appeal may be rejected by the appeals coordinator with instructions to complete the request form process before resubmitting the appeal." Under the plain language of this provision, the appeals coordinators' discretion to reject the inmates' formal

appeal is contingent on the pendency of a Form 22 addressing "the same issue." <u>Id.</u> In this case, defendants do not contend that Appeal Log RJD-13-3793 was rejected because of the pendency of a Form 22 addressing the issues raised by this appeal. In fact, defendants argue just the opposite: that "[Roettgen] failed to attempt to resolve his issue by utilizing the Form 22 process." (Sosa Decl., Doc. No. 28-3, at 8.) But the regulations do not require inmates to make use of the Form 22 process, and the appeals coordinators accordingly erred when they rejected Roettgen's appeal.

When an appeal is rejected for reasons inconsistent with the regulations, administrative remedies are deemed effectively unavailable as to the claims advanced in that appeal. <u>See</u> <u>Sapp</u>, 623 F.3d at 823-24. Roettgen is therefore entitled to summary judgment on the issue of exhaustion as to count 37.

### 5. Roettgen failed to exhaust available CDCR remedies as to the claims underlying counts 1—16, 19—22, 24, 25, 27—33, 35, 36, 38 and part of count 26.

With respect to every other count alleged in the complaint, the Court finds that CDCR remedies were available to Roettgen and that Roettgen failed to exhaust. Defendants are accordingly entitled to summary judgment on these claims.

#### a. Roettgen's claims arising from the incident on July 8, 2013.

In Counts 2–15, 22, 24 and 38, Roettgen raises various claims relating to the events of July 8, 2013. (Doc. No. 1, 31-49.) Roettgen submitted an appeal—Appeal Log No. RJD-13-2626—regarding these claims. (Sosa Decl., Doc. No. 28-3, 18-32.) Defendants argue that the Office of Appeals properly cancelled this appeal at the third level of review as having been untimely submitted to the appeals coordinator at RJD. (Def. Mot., Doc. No. 28-2, 19-20.) Roettgen contends that the appeal was timely submitted to the appeals coordinators. (Pltf. Opp., Doc. No. 43, at 19-23.) In the alternative, Roettgen argues that the prison system's own delay in responding to this appeal estops defendants from raising the appeal's initial untimeliness. (Pltf. Opp., Doc. No. 43, at 24-26.)

The relevant facts here are not in dispute and lead to the conclusion that Roettgen failed to timely submit this appeal to the appeals coordinators. On July 31, 2013, Roettgen mailed a Form 602 regarding the July 8, 2013 incident to Warden Paramo. (Sosa Decl., Doc. No. 28-3, at 32.) Enclosed with the Form 602 was a letter addressed to Warden Paramo in which Roettgen stated his hope that the warden would "look into this" personally. (Pltf. Opp., Doc. No. 43, at 77.) At some point thereafter, the appeal was passed from the warden's office to the appeals coordinators. The appeal was stamped "received" by the appeals coordinators on August 13, 2013. (Sosa Decl., Doc. No. 28-3, at 21.) The appeals coordinators processed the appeal and an inquiry was conducted at the second level of review. (Id. at 25-26.)  A finding was made that prison staff did not violate CDCR policy and a report was generated and signed by Sgt. Rutledge on November 11, 2013. (Id. at 26.) The report was signed by K.A. Seibel, Chief Deputy Warden, on February 27, 2014. (Id.) The response was sent to Roettgen on March 3, 2014. (Id. at 22.) Roettgen submitted the appeal for third level review by the Office of Appeals on or about March 9, 2014. (Id.) The Appeals Office twice rejected the appeal and, in a decision dated October 27, 2014, cancelled the appeal for failure to comply with the time constraints of Cal. Code Regs. tit. 15, § 3084.8(b).[3] (Id. at 19.)

---

[3] Roettgen identifies two errors in the declarations of Sosa and Voong regarding the processing of this appeal. (Doc. No. 43, at 20-22.) First, both declarations incorrectly assert that the Office of Appeals "determined that because the appeal was sent to the Warden's office, not to the Inmate Appeals Office, the appeal was not properly submitted." (Sosa Decl., at 5; Voong Decl., Doc. No. 28-4, at 7.) Second, Sosa's declaration incorrectly asserts that the appeal was rejected twice prior to the decision at the second level of review. (Sosa Decl., Doc. No. 28-3, at 4.) In their reply, defendants tacitly withdraw their argument that the Office of Appeals rejected this appeal because it had been submitted to the warden's office; instead, defendants rely on the argument, also made in their moving papers, that the Office of Appeals rejected this appeal because it was untimely. (Doc. No. 45, at 4.) With this concession in place, the evidence relevant to the exhaustion of these claims is undisputed.

Roettgen argues that his appeal should be deemed submitted on the date that he mailed it to the warden's office rather than on the date that it was received by the appeals coordinators. (Pltf. Opp., Doc. No. 43, at 23-24.) This Court disagrees. Under ordinary circumstances, it is true, an appeal should be deemed submitted on the date that the inmate places it in the mail. This conclusion follows inevitably from the clear language of Form 602, which instructs inmates to "send this appeal and any supporting documents to the Appeals Coordinator (AC) within thirty (30) days." (Sosa Decl., Doc. No. 28-3, at 21.)  In this case, however, Roettgen did not submit the appeal to the appeals coordinators at RJD, as required by the regulations, but instead sent the appeal directly to the warden's office. This was not a valid method of exhausting administrative remedies. See Cal. Code Regs. tit. 15, § 3084.2(c) ("First and second level appeals … shall be submitted to the appeals coordinator at the institution."); see also Lees v. Felker, 2009 WL 2824862, at *5 (E.D. Cal., Sept. 1, 2009) (letter to warden was not alternative method of exhausting claim); Crane v. Deluna, 2009 WL 3126279, at *3 (E.D. Cal. Sept. 23, 2009) (inmate did not properly exhaust when he sent first level review to the third level appeals office and to the federal court). Roettgen's appeal therefore cannot be deemed submitted on the date it was sent.

Roettgen next argues that the prison system's delay in responding to the appeal estops defendants from arguing that Roettgen's appeal was untimely. (Pltf. Opp., Doc. No. 43, at 24-26.) Roettgen contends, and defendants do not dispute, that the response at the second level of review was 179 days overdue, and the response at the third level of review was 10 days overdue. (Id. at 25.) In support of his argument, Roettgen cites to two out-of-circuit cases, Whitington v. Ortiz, 472 F.3d 804 (10th Cir. 2007), and Powe v. Ennis, 177 F.3d 393 (5th Cir. 1999), both of which hold that a prisoner's administrative remedies are deemed exhausted when the time limits for the prison system to respond to a grievance expire. (Id. at 26.) In reply, defendants argue that Roettgen has failed to show that he was prejudiced by the delay in responding to his appeal. (Def. Reply, Doc. No. 45, at 4.)

14-cv-2988-JAH (WVG)

The Ninth Circuit has not directly addressed whether an inmate is excused from further exhausting administrative remedies when prison officials exceed the time limits for responding to a grievance. See generally Womack v. Bakewell, 2010 WL 3521926, at *4-5 (E.D. Cal., Sept. 8, 2010). The guidance that the court has provided, however, suggests that delay in responding to an inmate grievance will only excuse the inmate's further exhaustion of administrative remedies where the appeal is time sensitive and the inmate is prejudiced by the delay. See Brown v. Valoff, 422 F.3d 926, 943 n. 18 (9th Cir. 2005) (noting that prison officials may not "exploit the exhaustion requirement through indefinite delay in responding to grievances," but finding that inmate "was not prejudiced by the long time it took to conclude the investigation into his staff complaint"). The Ninth Circuit's guidance here is admittedly somewhat ambiguous, and at least one court in this district has held that "if a prisoner submitted a timely inmate appeal in compliance with the governing regulations and his appeal received no response, or received a response only after an extraordinary delay, the prisoner has satisfied the exhaustion requirement." Lino v. Small, 2010 WL 3075751, at *2 (S.D. Cal., Aug. 5, 2010) (Anello, J.). The weight of precedent within the Ninth Circuit, however, favors the view that a prison system's failure to timely respond to a grievance does not, without a showing of prejudice, excuse full exhaustion of administrative remedies. See e.g. Gleason v. Franklin, 2015 WL 5921095, at *4 (C.D. Cal., Aug. 19, 2015) (delays in processing appeal did not render administrative remedies effectively unavailable); Lopez, 2013 WL 3994466, at *9 (four month delay in processing appeal did not render further administrative remedies unavailable); Shepard v. Cohen, 2011 WL 284958, at *3 (E.D. Cal., Jan. 25, 2011) (holding that delay in processing grievance will only excuse further exhaustion of administrative remedies where grievance is time sensitive or where delay prejudices prisoner's ability to bring a federal lawsuit); Rice v. Milson, 2010 WL 4916640, at *2 (C.D. Cal., Oct. 15, 2010) (administrative remedies were not rendered unavailable by one month delay in processing retrospective appeal regarding beating); Womack, 2010 WL 3521926, at *5 (three month delay in processing appeal concerning medication did not obstruct the process to the point that it became unavailable).

Requiring a showing of prejudice before excusing exhaustion also accords with the statutory mandate that inmates exhaust all available administrative remedies. See Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001) (noting that courts should not read futility or other exceptions into statutory requirements where Congress has provided otherwise). This Court therefore holds that a prison system's unjustifiable delay in processing a grievance only excuses further exhaustion of administrative remedies where the inmate suffers prejudice as a result.

Here, the Court finds that Roettgen has not demonstrated cognizable prejudice due to the delay in processing his appeal. First, this appeal, although undoubtedly of importance to Roettgen, was not of a critically time sensitive nature, as would be the case with an appeal that concerned medical treatment or an ongoing condition of confinement. Rather, this appeal sought a remedy for an alleged assault and therefore was essentially retrospective in nature. Second, the delay in processing the appeal did not completely obstruct Roettgen's ability to move forward with his claims because the appeals coordinators did respond, albeit belatedly, to Roettgen's appeal, permitting Roettgen to advance his claims to federal court.

More importantly, even if this Court agreed with Roettgen's argument at a general level, the untimeliness of Roettgen's initial filing would nevertheless prevent Roettgen from going forward with these claims. See Lino, 2010 WL 3075751, at *2 (noting that the timely filing of an initial claim is a prerequisite to excusal of further exhaustion where prison officials unjustifiably delay processing of appeals).

Based on the undisputed evidence in the record, the Court finds that administrative remedies were available to Roettgen and that Roettgen failed to exhaust the claims underlying counts 2–15, 22, 24 and 38. Summary judgment accordingly should be granted to defendants on these counts.

**b.      Roettgen's claims that Officers Russell and McGee filed false reports against him in connection with the July 8, 2013 incident.**

24

The Court also finds that defendants are entitled to summary judgment on counts 19 and 20, in which Roettgen alleges that Officers Russell and McGee filed false disciplinary charges against him in connection with the July 8, 2013 incident. Defendants contend that Roettgen did not file an appeal regarding this allegation. (Def. Mot., Doc. No. 28-2, at 21.) Roettgen makes two arguments in response. First, Roettgen argues that he would have raised these arguments in Appeal Log No. RJD-13-2984 but ran out of space. Next, Roettgen arges that the false disciplinary charges claims are implicit in his claims—made in Appeal Log No. RJD-13-2626—that Officers Russell and McGee assaulted him. (Pltf. Opp., Doc. No. 43, at 27-28.)

Roettgen's argument that he would have raised these arguments in Appeal Log No. RJD-13-2984 but ran out of space is without merit. Roettgen did, as he points out, make a notation on this appeal stating that "[t]here simply is not enough space on these 602 form [sic] to properly comply with 15 CCR 3084.2(a)." (Sosa Decl., Doc. No. 28-3, at 49.) Roettgen fails, however, to point to any evidence on the face of that appeal indicating that he would have stated allegations against Officers Russell and McGee if he had had more space. Rather, the focus in this appeal, as discussed above, is on disciplinary charges issued by Officer Carter and on the disciplinary hearing presided over by Lt. Allamby. (Id. at 47.) Moreover, Roettgen does not show that he did not have an opportunity to timely file a separate Form 602 concerning his allegations against Officers Russell and McGee. See Cal. Code Regs. tit. 15, § 3084.2(a) (appeals regarding unrelated issues must be submitted separately). This argument therefore fails. Cf. Mejia v. Ramirez, 2015 WL 2447219, at *6 (S.D. Tex., May 20, 2015) (rejecting argument that inmate should be excused from exhausting claim because of lack of space on grievance form).

Roettgen's second argument is that his claim that Officers Russell and McGee filed false reports is implicit in the allegations made in Appeal Log No. RJD-13-2626 regarding the officers' participation in the alleged July 8, 2013 assault. As already explained, pp. 20-24, however, this Court finds that Appeal Log No. RJD-13-2626 was not properly exhausted. Even assuming proper exhaustion of Appeal Log No. RJD-13-2626, it is clear

14-cv-2988-JAH (WVG)

that that appeal does not place the prison administration on notice of the false reporting claims against Russell and McGee.

Based on the undisputed evidence in the record, the Court finds that administrative remedies were available to Roettgen and that Roettgen failed to exhaust the claims underlying counts 19 and 20. Defendants are therefore entitled to summary judgment on these counts.

### c.   Roettgen's claim that Sgt. Rutledge filed a false report concerning the July 8, 2013 incident.

The Court also finds that defendants are entitled to summary judgment on count 21, in which Roettgen alleges that Sgt. Rutledge filed a false report concerning the July 8, 2013 incident. Defendants contend that Roettgen never submitted an appeal regarding these claims. (Def. Mot., Doc. No. 28-2, at 21.) Roettgen, on the other hand, contends that he mentioned Sgt. Rutledge's involvement in Appeal Log Nos. RJD-13-2626, RJD-13-3793 and RJD-13-2984. (Pltf. Opp., Doc. No. 43, at 28.)

As discussed above, pp. 20-24, Appeal Log No. RJD-13-2626 was not timely submitted and cannot serve to exhaust this or any other claim. Even if that appeal were deemed exhausted, however, it would not suffice to exhaust the allegations in count 21. This is because Roettgen did not state his allegations against Sgt. Rutledge when he initially submitted the appeal. (Doc. 28-3, at 21-25.) Rather, he added allegations that Rutledge "helped cover up" for other officers on March 9, 2014, when he sent the appeal up to the Office of Appeals for third level review. (Id.) This belated addition of a claim against Rutledge contravenes the regulations, which provide that "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602." Cal. Code Regs. tit. 15, § 3084.1(a); see Watts v. Nguyen, 2015 WL 4557522, at *7 (E.D. Cal., July 27, 2015) (holding that inmates may not add new issues after initial submission of an appeal).

The Court has also scrutinized Appeal Log Nos. RJD-13-3793 and RJD-13-2984.

14-cv-2988-JAH (WVG)

(Sosa Decl., Doc. No. 28-3, at 47-49 and 99-100.) These appeals do not exhaust Roettgen's claims against Sgt. Rutledge. Appeal Log No. RJD-13-3793 focused on the conduct of the appeals coordinators in allegedly suppressing Roettgen's appeals, and Appeal Log No. RJD 13-2984 focused on the actions of Officer Carter, McGee, Russell, Jones, and Lt. Allamby. Roettgen did not provide notice of his claims against Sgt. Rutledge in either of these appeals.

Based on the undisputed evidence in the record, the Court finds that administrative remedies were available to Roettgen and that Roettgen failed to exhaust the claims underlying count 21. Defendants are therefore entitled to summary judgment on this count.

### d.   Roettgen's claim that Lt. Spence filed a false report in regard to the July 8, 2013 incident.

The Court also finds that defendants are entitled to summary judgment on count 25, in which Roettgen alleges that Lt. Spence filed a false report regarding the July 8, 2013 incident. Defendants contends that Roettgen did not submit an appeal regarding this claim. (Def. Mot., Doc. No. 28-2, at 21.) Roettgen argues that he exhausted this claim through Appeal Log No. RJD-13-2626. (Pltf. Opp., Doc. No. 43, at 28.) As already discussed, see pp. 20-24, that appeal was not properly exhausted and therefore cannot serve to exhaust Roettgen's claim against Lt. Spence.

Based on the undisputed evidence in the record, the Court finds that administrative remedies were available to Roettgen and that Roettgen failed to exhaust the claims underlying count 25. Defendants are therefore entitled to summary judgment on this count.

### e.   Roettgen's claims that Capt. Benyard conspired to cover up his subordinates' misconduct in connection with the July 8, 2013 and November 26, 2013 incidents.

The Court also finds that defendants are entitled to summary judgment on count 30, in which Roettgen alleges that Capt. Benyard conspired to cover up his subordinates' misconduct regarding the July 8, 2013 and November 26, 2013 incidents. Defendants argue that none of Roettgen's appeals provided adequate notice of this claim against Capt.

27

Benyard. (Def. Mot., Doc. No. 28-2, at 21.) Roettgen responds that Appeal Log No. RJD-13-2626 "mentions false reports in order to cover up the misconduct." (Pltf. Opp., Doc. No. 43, at 28.) This argument fails.

First, as already discussed, see pp. 20-24, Appeal Log No. RJD-13-2626 was not properly exhausted. This appeal therefore cannot serve to exhaust Roettgen's claims against Capt. Benyard.

Second, even if Appeal Log No. RJD-13-2626 had been exhausted, it fails to provide notice of Roettgen's claims against Capt. Benyard. The regulations require inmates to "list all staff member(s) involved" or, at the very least, "provide information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Cal. Code Regs. tit. 15, § 3084.2(a)(3). In Appeal Log No. RJD-13-2626, Roettgen addresses the actions of Officers Russell, McGee, Jones and Carter, Lt. Spence, and the "nursing staff." (Sosa Decl., Doc. No. 28-3, at 21-23) At no point does Roettgen mention Capt. Benyard by name or even by general description. Nor does Roettgen mention the November 26, 2013 incident. Prison officials were therefore not put on notice of these claims against Capt. Benyard.

Based on the undisputed evidence in the record, the Court finds that administrative remedies were available to Roettgen and that Roettgen failed to exhaust the claims underlying count 30. Defendants are therefore entitled to summary judgment on this count.

> **f.    Roettgen's claims that Sgt. Rutledge, Lt. Allamby and Officer Strayhorn conspired to place him in administrative segregation on November 26, 2013.**

The Court also finds that defendants are entitled to summary judgment on counts 27, 28, and 29, in which Roettgen alleges that Sgt. Rutledge, Lt. Allamby and Officer Strayhorn conspired to place Roettgen in administrative segregation on November 26, 2013 in retaliation for Roettgen authoring and circulating a pamphlet on "micro-aggression." Roettgen, however, represents that he drafted an appeal addressing these claims but surrendered it to defendants Sgt. Rutledge and Officer Canada on December 4, 2013, in

exchange for the return of his property.[4] (Pltf. Opp., Doc. No. 43, at 39.)  Roettgen further states that "[he] would have pursued this appeal … if not for the threats that my property would be lost" if he did so. (Pltf. Opp., Doc. No. 43, at 66.)

Although this Court has found that Rutledge and Canada's retaliatory threat excused Roettgen from exhausting the allegations underlying counts 17, 18 and part of count 26, the analysis is different here and Roettgen's claim that he was deterred from making use of the grievance procedure is less persuasive. Roettgen filed an unrelated appeal against Sgt. Rutledge on December 29, 2013. (Pltf. Opp., Doc. No. 43, at 137.) This indicates that the deterrent effect of Rutledge's threat had substantially dissipated by the last week in December. The last day for Roettgen to submit an appeal regarding the claims set forth in counts 27, 28 and 29 was December 26, 2013. The Court accordingly finds that defendants have met their burden of showing that remedies were available to Roettgen and that Roettgen has failed to meet his burden under <u>McBride</u> of producing evidence that shows that he was actually deterred from pursuing this appeal.

Based on the undisputed evidence in the record, the Court finds that administrative remedies were available to Roettgen and that Roettgen failed to exhaust the claims underlying counts 27, 28 and 29. Defendants are therefore entitled to summary judgment on these counts.

### g.  Roettgen's claim that Sgt. Rutledge and Officer Canada forced him to surrender three pending appeals in return for the return of his property.

In count 35, Roettgen alleges that on December 4, 2013, Sgt. Rutledge and Officer Canada forced him to surrender three pending appeals in exchange for the return of his property. Roettgen concedes that he failed to submit an appeal regarding this incident. (Pltf. Opp., Doc. No. 43, at 41.) Roettgen contends, however, that the threat of retaliation

---

[4] Roettgen submits what appears to be a reconstruction of this appeal as an exhibit to his declaration. (Pltf. Opp., at 153-154.)

excused exhaustion of this claim. (Id.)

Roettgen had until January 4, 2014 to file an appeal on this claim. As explained above, the Court finds that by December 29, 2013, at the latest, any deterrent effect of the December 4, 2013 threat had dissipated. Administrative remedies were therefore available to Roettgen regarding this claim.

Based on the undisputed evidence in the record, the Court finds that administrative remedies were available to Roettgen and that Roettgen failed to exhaust the claims underlying Count 35. Defendants are therefore entitled to summary judgment on this count.

### h.  Roettgen's claim that Officer Jones instructed Officer Blanding to file a false disciplinary report against him.

In count 33, Roettgen accuses Officer Jones of instructing Officer Blanding to file a false disciplinary report. Defendants contend that Roettgen never submitted an appeal regarding this claim. Roettgen maintains that he did submit an appeal, and points to Exhibit J, attached to his declaration. (Pltf. Opp., Doc. No. 43, at 39-40.) Exhibit J, however, deals with the July 30, 2013 incident involving Officer Jones, not the September 16, 2013 incident. (Id. at 146-148.) Review of the record reveals that an appeal annexed to Roettgen's declaration as Exhibit H would exhaust his claim against Officer Jones if it had been properly pursued to the third level of review. (Id. at 123-124.) There is, however, no indication that Roettgen ever submitted this appeal to the appeals coordinators, let alone exhausted it to the third level of review.

Based on the undisputed evidence in the record, the Court finds that administrative remedies were available to Roettgen and that Roettgen failed to exhaust the claims underlying count 33. Defendants are therefore entitled to summary judgment on this count.

### i.  Roettgen's claims that Lt. Allamby violated his rights while acting as a hearing officer on the disciplinary charges contained in Log Nos. RJD-FC-13-07-0381 and RJD-FC-13-09-0506.

In addition to the claim relating to Log No. RJD-FC-13-0379, Roettgen asserts two further claims in count 26 against Lt. Allamby for his actions as hearing officer in

30

1  disciplinary proceedings against Roettgen. These claims arise from the disciplinary charges
2  contained in Log Nos. RJD-FC-13-07-0381 and RJD-FC-13-09-0506. Defendants contend
3  that Roettgen failed to submit an appeal regarding either of these claims. (Def. Mot., Doc.
4  No. 28-2, at 22-23.)

5       Roettgen argues that he exhausted his claim relating to Log No. RJD-FC-13-07-0381
6  in his appeal under Appeal Log No. RJD-C-2984. (Pltf. Opp., Doc. No. 43, at 38.) As
7  already discussed, pp. 14-16, this Court finds that Roettgen was excused from exhausting
8  this appeal to the third level. Roettgen, however, did not raise a claim against Lt. Allamby
9  in Appeal Log No. RJD-C-2984. Instead, Roettgen used that appeal to state his claims
10  against Officer Carter regarding the underlying incident. Roettgen did not mention Lt.
11  Allamby and did not mention any dissatisfaction with the disciplinary hearing. Roettgen
12  accordingly did not exhaust this claim.

13       Roettgen contends that he attempted to exhaust the claims relating to Log No. RJD-
14  FC-13-09-0506 in an appeal submitted on November 22, 2013. Defendants deny that any
15  such appeal was ever received and the only record of this appeal on this motion is what
16  appears to be Roettgen's copy of the appeal. (Pltf. Opp., Doc. No. 43, at 123-124, Ex. H.)
17  This appeal, however, "does not contain any indicia of official receipt or other distinctive
18  characteristics sufficient to support a finding that it is what it purports to be." Tanori, 2015
19  WL 6081989, at *9. Even assuming that this appeal was actually sent to the appeals
20  coordinators, and that it was timely, it would not suffice to exhaust Roettgen's claims
21  against Lt. Allamby because the appeal neither mentions Lt. Allamby nor any
22  dissatisfaction with the hearing process at RJD. (Pltf. Opp., Doc. No. 43, at 123-124.)
23  Instead, the appeal focuses squarely on Officers Blanding and Jones and Sgt. Kang's
24  alleged harassment of Roettgen through the submission of false disciplinary reports. (Id.)

25       Based on the undisputed evidence in the record, the Court finds that administrative
26  remedies were available to Roettgen and that Roettgen failed to exhaust the claims
27  underlying this part of count 26. Defendants are therefore entitled to summary judgment
28  on these claims.

14-cv-2988-JAH (WVG)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### j.   Roettgen's claim that Warden Paramo encouraged misconduct among his subordinates.

In Count 36, Roettgen alleges that Warden Paramo encouraged staff misconduct among both the guards and the appeals coordinators. Although Roettgen did not identify Warden Paramo in any of his appeals, Roettgen argues that inmates are "not under a duty to separately appeal supervisory defendants who failed to rectify the situation." (Pltf. Opp., Doc. No. 43, at 45.)

Roettgen's argument is without merit. See Trujillo v. Jacquez, 2015 WL 428010, at *10 (N.D. Cal., Jan. 30, 2015) (rejecting argument that claim against a warden is always exhausted whenever an inmate exhausts complaints regarding a subordinate official). As amended in 2011, the CDCR regulations require an inmate to identify each and every prison official whose conduct they grieve. Cal. Code Regs. tit. 15, § 3084.2(a)(3). If the inmate is unable to identify the official by name, title or position, the inmate must provide information "that would assist the appeals coordinator in making a reasonable attempt to identify the [staff member] in question."[5] Id. However, the undisputed evidence in the record establishes that Roettgen did not file an appeal that included any such identifying information regarding Warden Paramo. This defendant therefore could not have been alerted of the claims against him and Roettgen has failed to exhaust administrative remedies. See Sapp, 623 F.3d at 824.

Roettgen also argues that his failure to name Paramo should be excused because he sent a letter and Appeal Log No. RJD-13-2626 directly to the warden's office. (Pltf. Opp.,

---

[5] The 2011 amendments contrast with the earlier versions of the regulations, which were silent as to the identification of prison officials and simply required the inmate to "describe the problem." See Avery v. Paramo, 2015 WL 4923820, at *11, n. 14 (S.D. Cal., Aug. 18, 2015). In support of his position, Roettgen cites Brown v. Runnels, 2006 WL 2849871, at *4 (E.D. Cal., Oct. 3, 2006), and Edwards v. Hook, 2007 WL1756347, at *4-5 (E.D. Cal., June 18, 2007). Both cases, however, predate the 2011 amendment to the CDCR regulations and are no longer good law.

14-cv-2988-JAH (WVG)

Doc. No. 43, at 46.) This argument is wholly without merit. <u>See</u> <u>Lees</u>, 2009 WL 2824862, at *5 (letter to warden is not an alternative method of exhausting remedies).

Based on the undisputed evidence in the record, the Court finds that administrative remedies were available to Roettgen and that Roettgen failed to exhaust the claims underlying Count 36. Defendants are therefore entitled to summary judgment on this count.

### k.   Roettgen's claim that various Doe defendants conspired to cover up staff misconduct.

Summary judgment should also be granted on count 31, in which Roettgen alleges that "subsequent to the July 8, 2013 unnecessary and excessive use of force and subsequent conspiracies to punish Plaintiff while concealing the incident, Responding Supervisor Doe; Incident Commander Doe; First Line Manager Doe, Second Line Manager Doe, Second Level Manager Doe, as well as Defendants Institutional Executive Review Committee Members Does 1 through 10" violated Roettgen's rights by conspiring to cover up the misconduct of the named defendants. There is no evidence of record indicating that Roettgen exhausted administrative remedies as to any of these Doe defendants. Because these claims arise out of the same set of circumstances as Roettgen's claims against the named defendants and it is clear that Roettgen failed to exhaust these claims, summary judgment should be granted on this count as well. <u>See</u> <u>Ruiz v. Cox</u>, 2015 WL 5577518, at *8 (C.D. Cal., July 29, 2015) ("This dismissal [for failure to exhaust] extends to plaintiff's claims against the Doe defendants, which arise out of the same set of circumstances as his claims against [the named defendant].").

### B.   Roettgen's renewed requests for discovery pursuant to Rule 56(d)

Roettgen also argues that he is entitled to discovery under FRCP 56(d) in order to obtain evidence to be used in opposition to defendants' motion for summary judgment. (Pltf. Opp., Doc. No. 43, at 17-18.) This motion is, in effect, a renewal of a motion for discovery filed on June 2, 2015. (Doc. No. 34.) This Court denied that motion on June 18, 2015, finding that Roettgen had failed to demonstrate that the items he sought in discovery actually existed or were essential to oppose summary judgment. (Doc. No. 36.) The Court

14-cv-2988-JAH (WVG)

explained to that the denial of the motion was without prejudice and that Roettgen would be permitted to supplement his Rule 56(d) motion no later than July 9, 2015. (Id.) Roettgen did not do so, and, in fact, failed to address the discovery issue in any form until he filed his opposition to the motion for summary judgment on September 3, 2015.

This Court recognizes that *pro se* litigants are entitled to some leeway when it comes to compliance with procedural rules. A scheduling order, however, "is not a frivolous piece of paper," Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992), and cannot be disregarded without consequences. Here, Roettgen failed to comply with the Court's express instruction that any renewed motion for discovery under FRCP 56(d) be filed no later than July 9, 2015. Moreover, Roettgen has offered no excuse or justification for the almost two month delay in requesting discovery. The Court accordingly denies Roettgen's request for further discovery pursuant to FRCP 56(d).

### C.    Roettgen's renewed motion for discovery relating to the Doe defendants

In count 31, Roettgen alleges that "subsequent to the July 8, 2013 unnecessary and excessive use of force and subsequent conspiracies to punish Plaintiff while concealing the incident, Responding Supervisor Doe; Incident Commander Doe; First Line Manager Doe, Second Line Manager Doe, Second Level Manager Doe, as well as Defendants Institutional Executive Review Committee Members Does 1 through 10" violated Roettgen's rights by conspiring to cover up the misconduct of the named defendants. On June 2, 2015, Roettgen moved for discovery regarding the Doe defendants. (Doc. No. 32.) On June 10, 2015, this Court denied Roettgen's motion for discovery. (Doc. No. 35.) On December 2, 2015, Roettgen again filed a motion for discovery relating to the Doe defendants. (Doc. No. 51.) Given this Court's ruling on Roettgen's earlier motion for the same relief, the Court will treat the new motion as a motion for reconsideration.

Reconsideration of a prior order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly

34

discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Id.

In denying Roettgen's prior motion for discovery of the Doe defendants, the Court, relying on Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc), held that "[Roettgen's] request to conduct discovery to identify Doe Defendants is merit-based discovery and will be stayed until after Defendants have answered and the Court has issued a scheduling order." (Doc. No. 35, at 3.) On further consideration of the law, the Court believes that, although the result was correct, its reasoning was incorrect. Roettgen, the Court now concedes, was not attempting to conduct merit-based discovery, but rather was attempting to conduct discovery necessary to identify and serve the Doe defendants. Such discovery is expressly permitted by Ninth Circuit precedent. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Young v. Transportation Deputy Sheriff, 340 Fed. Appx. 368, 369 (9th Cir. 2009); see also Coreno v. Hiles, 2010 WL 2404395, at *3-5 (S.D. Cal., June 14, 2010). In Wakefield, the court held that "where the identity of the alleged defendant [ ] [is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." 177 F.3d at 1163 (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). The question is, in essence, whether the requested discovery would be futile. Where a plaintiff is able to show both that limited discovery provides a reasonable possibility of identifying a Doe defendant and that the claims against the Doe defendant stand a chance of surviving a dispositive motion, some discovery should be permitted. See e.g. Coreno, 2010 WL 2404395, at *3-5.

Here, the discovery that Roettgen requests would be futile because any claim that Roettgen might have against the Doe defendants is subject to the exhaustion requirement of the PLRA and the record is clear that Roettgen did not exhaust CDCR remedies as against the Doe defendants. Roettgen's renewed motion for discovery relating to the Doe defendants is therefore denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# V.

## CONCLUSION

This Report and Recommendation is submitted to the Honorable John A. Houston, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1. For the reasons stated, this Court **RECOMMENDS** that summary judgment should be **GRANTED** to defendants on Counts 1–16, 19–22, 24, 25, 27–33, 35, 36, 38, and part of 26. The Court further **RECOMMENDS** that summary judgment be **GRANTED** to Roettgen on the issue of exhaustion as to Counts 17, 18, 23, 34, 37 and part of 26.

The Court also **DENIES** Roettgen's motion for discovery of the Doe defendants and **DENIES** Roettgen's request for discovery pursuant to FRCD 56(d).

**IT IS ORDERED** that no later than January 25, 2016, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than February 22, 2016. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

**IT IS SO ORDERED.**

Dated:  December 22, 2015

_____
Hon. William V. Gallo
United States Magistrate Judge